1

2

3

4

5               UNITED STATES DISTRICT COURT

6               EASTERN DISTRICT OF WASHINGTON

7   WILLIAM R. KERN,

8                           Plaintiff,          NO:  13-CV-0294-TOR

9        v.                                     ORDER GRANTING DEFENDANT'S
                                                MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                    JUDGMENT
    Commissioner of Social Security
11  Administration,

12                          Defendant.

13

14       BEFORE THE COURT are the parties' cross-motions for summary

15  judgment (ECF Nos. 17 and 19).  Plaintiff is represented by Dana C. Madsen.

16  Defendant is represented by Franco L. Becia.  The Court has reviewed the

17  administrative record and the parties' completed briefing and is fully informed.

18  For the reasons discussed below, the Court grants Defendant's motion and denies

19  Plaintiff's motion.

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

1

## JURISDICTION

2       The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g);

3    1383(c)(3).

4

## STANDARD OF REVIEW

5       A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is

7    limited: the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means

10   relevant evidence that "a reasonable mind might accept as adequate to support a

11   conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently,

12   substantial evidence equates to "more than a mere scintilla[,] but less than a

13   preponderance."  *Id.* (quotation and citation omitted).  In determining whether this

14   standard has been satisfied, a reviewing court must consider the entire record as a

15   whole rather than searching for supporting evidence in isolation.  *Id.*

16      In reviewing a denial of benefits, a district court may not substitute its

17   judgment for that of the Commissioner.  If the evidence in the record "is

18   susceptible to more than one rational interpretation, [the court] must uphold the

19   ALJ's findings if they are supported by inferences reasonably drawn from the

20   record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

1    The claimant bears the burden of proof at steps one through four above.

2    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

3    the analysis proceeds to step five, the burden shifts to the Commissioner to

4    establish that (1) the claimant is capable of performing other work; and (2) such

5    work "exists in significant numbers in the national economy."  20 C.F.R.

6    §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir.

7    2012).

8                                **ALJ'S FINDINGS**

9    Plaintiff applied for disability insurance benefits and supplemental security

10    income disability benefits on July 15, 2009, alleging a disability onset date of

11    March 7, 2009.  Tr. 146-55, 156-62.  His claims were denied initially and upon

12    reconsideration, Tr. 70-73, 78-82, 83-89, and Plaintiff requested a hearing, Tr. 90-

13    91.  Plaintiff appeared before an Administrative Law Judge ("ALJ") on September

14    21, 2010.  Tr. 24-65.  The ALJ rendered a decision denying Plaintiff benefits on

15    November 15, 2010.  Tr. 7-23.

16    The ALJ found that Plaintiff met the insured status requirements of Title II

17    of the Social Security Act through June 30, 2010.  Tr. 12.  At step one, the ALJ

18    found that Plaintiff had not engaged in substantial gainful activity since March 7,

19    2009, the alleged onset date.  Tr. 12.  At step two, the ALJ found that Plaintiff had

20    the following severe impairments: coronary artery disease/myocardial infarction

post stenting and chronic obstructive pulmonary disease. Tr. 12-14.  However, at

step three, the ALJ found that Plaintiff's severe impairments did not meet or

medically equal a listed impairment.  Tr. 14.  The ALJ then determined that

Plaintiff had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) and
> 416.967(c) except that he must avoid extreme heat and cold, poorly
> ventilated areas, and irritants such as fumes, odors, dust, chemicals,
> and gases.

Tr. 15.  At step four, the ALJ found that Plaintiff was capable of performing past

relevant work as a laborer, pot tender, masker and washer, washer, and survey

worker.  Tr. 18.  In light of the step four findings, the ALJ concluded that Plaintiff

was not disabled under the Social Security Act and denied his claims on that basis.

Tr. 19.

The Appeals Council denied Plaintiff's request for review on November 18,

2011, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him disability insurance benefits under Title II of the Social Security Act and

supplemental security income under Title XVI of the Social Security Act.  Plaintiff

generally asserts "the ALJ's decision is not supported by substantial evidence" and

he is "more limited from a psychological standpoint, as well as physically."  ECF
No. 17 at 9.  From Plaintiff's motion, the Court has discerned four issues for
review:

1. Whether the ALJ properly discredited Plaintiff's credibility;

2. Whether the ALJ properly evaluated and weighed the opinions of medical providers;

3. Whether the ALJ erred at step two when he concluded Plaintiff did not suffer from severe mental impairments; and

4. Whether the ALJ's RFC finding failed to incorporate the extent of Plaintiff's limitations.

*Id.* at 9-20.

**A. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of
physical or mental impairment with "medical evidence consisting of signs,
symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A
claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.
§§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant
need not offer further medical evidence to substantiate the alleged severity of his or
her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).
As long as the impairment "could reasonably be expected to produce [the]
symptoms," the claimant may offer a subjective evaluation as to the severity of the

impairment.  *Id.*  This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured."  *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition.  *Id.*  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff contends the ALJ improperly discredited his credibility.  ECF No. 17 at 9-12.  Specifically, Plaintiff takes issue with the ALJ's characterization of the

objective medical evidence and assessment of Plaintiff's daily activities as proof

that Plaintiff's symptoms were not as severe as alleged.  *Id.*

As an initial matter, the ALJ identified evidence in the record indicating that

Plaintiff was exaggerating his limitations.  Tr. 15-16.  The ALJ highlighted the

following:

> The undersigned's finding, noted above, that the claimant is
> exaggerating his problems and limitations is supported by the recent
> psychiatric evaluation given by Dr. Pollack, which suggested that the
> claimant had been exaggerating his difficulties or had an unusual
> personal history.  Dr. Pollack observed, "[the claimant's] clinical
> scores reveal an individual who is very concerned about his physical
> well-being. His complaints may take on a bizarre and delusional
> nature. His fears may go beyond what is supported by his medical
> records."

Tr. 16 (internal citations omitted). This evidence alone provided proper basis for

questioning the reliability of Plaintiff's statements.  *See Lester v. Chater*, 81 F.3d

821, 834 (9th Cir. 1995) (noting that clear and convincing reasons for rejecting a

claimant's testimony are only necessary in the absence of affirmative evidence of

malingering).

In addition to this evidence of malingering, the ALJ provided specific, clear,

and convincing reasons supported by substantial evidence for finding Plaintiff's

statements "not credible to the extent they are inconsistent" with the RFC finding.

Tr. 15.  First, the ALJ found that Plaintiff's statements concerning the severity of

his symptoms and limitations were inconsistent with the disabling symptoms and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

limitations alleged.  Tr. 15-16.  In support, the ALJ highlighted the following:
although Plaintiff complained of debilitating cardiac issues, the objective evidence
showed that Plaintiff's condition has significantly improved and that he was able to
resume normal activities of daily living (Tr. 15-16, 239, 245, 271, 274, 328, 331-
35); similarly, although Plaintiff testified to severe pulmonary issues, the objective
medical evidence suggested only mild problems that were exacerbated by
continued tobacco use (Tr. 16, 364, 401, 406); and finally, a comprehensive look at
the entire medical record by Dr. Norman Staley of Disability Determination
Services concluded that Plaintiff's conditions were not as severe as alleged.  Tr.
15-6, 18, 348-62.  These inconsistencies between Plaintiff's alleged limitations and
the objective medical evidence provided a permissible and legitimate reason for
discounting Plaintiff's credibility.  *Thomas*, 278 F.3d at 958.

Second, the ALJ found Plaintiff's description of his daily activities
inconsistent with the disabling symptoms and limitations alleged.  Tr. 17.  In
support, the ALJ highlighted the following:

> [A]lthough the claimant describes significant physical limitations, his
> daily activities undermine his allegations. The record indicates that he
> regularly exercises by riding his bike once or twice a day. He rises at
> six a.m., fixes breakfast for himself, feeds animals, and visits friends
> or attends AA. He is able to perform household chores and assist an
> uncle with garden chores.

1   Tr. 17.  These inconsistencies between Plaintiff's alleged physical limitations and

2   his reported daily activities provided a permissible and legitimate reason for

3   discounting Plaintiff's credibility.  *Thomas*, 278 F.3d at 958-59; *see also Orn v.*

4   *Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (finding that daily activities may be

5   relevant to an adverse credibility finding either because they contradict a

6   claimant's testimony or demonstrate abilities and skills that can easily transfer to a

7   workplace setting).

8          Accordingly, this Court concludes the ALJ did not err in discounting

9   Plaintiff's credibility.

10  **B.  Medical Opinions**

11         There are three types of physicians: "(1) those who treat the claimant

12  (treating physicians); (2) those who examine but do not treat the claimant

13  (examining physicians); and (3) those who neither examine nor treat the claimant

14  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

15  *Holohan*, 246 F.3d at 1201-02 (internal citations omitted).  Generally, a treating

16  physician's opinion carries more weight than an examining physician's, and an

17  examining physician's opinion carries more weight than a reviewing physician's.

18  *Id.*  In addition, the regulations give more weight to opinions that are explained

19  than to those that are not, and to the opinions of specialists concerning matters

20  relating to their specialty over that of nonspecialists.  *Id.* (citations omitted).  A

1  physician's opinion may be entitled to little if any weight, when it is an opinion on

2  a matter not related to her or his area of specialization.  *Id.* at 1203, n.2 (citation

3  omitted).

4         A treating physician's opinions are entitled to substantial weight in social

5  security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

6  (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an

7  ALJ may reject it only by offering "clear and convincing reasons that are supported

8  by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

9  2005).  "However, the ALJ need not accept the opinion of any physician, including

10 a treating physician, if that opinion is brief, conclusory and inadequately supported

11 by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If

12 a treating or examining doctor's opinion is contradicted by another doctor's

13 opinion, an ALJ may only reject it by providing specific and legitimate reasons

14 that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216 (citing

15 *Lester*, 81 F.3d at 830-31).  An ALJ may also reject a treating physician's opinion

16 which is "based to a large extent on a claimant's self-reports that have been

17 properly discounted as incredible."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041

18 (9th Cir. 2008) (internal quotation and citation omitted).

19 //

20 //

1          **1.  Dr. Pollack**

2          Plaintiff contends the ALJ erred by failing to properly reject the opinion of

3    examining psychologist, Dr. Dennis Pollack.  ECF No. 17 at 14.  Plaintiff points to

4    Dr. Pollack's September 2010 evaluation in which he opined Plaintiff would have

5    marked limitations in two work-related areas: the ability to (1) perform activities

6    within a schedule, maintain regular attendance, and be punctual within customary

7    tolerances; and (2) complete a normal workday and workweek without

8    interruptions from psychologically based symptoms and perform at a consistent

9    pace without an unreasonable number and length of rest periods.  *Id.*; Tr. 441.

10         This Court finds the ALJ properly considered and rejected the medical

11   opinion of Dr. Pollack.  Tr. 13-14.  Because the opinion of Dr. Pollack was

12   uncontradicted, the ALJ may reject only by offering "clear and convincing reasons

13   that are supported by substantial evidence."  *Bayliss*, 427 F.3d at 1216.

14         The ALJ provided clear and convincing reasons for affording Dr. Pollack's

15   opinion only "little weight."  Tr. 17.  First, the ALJ found inconsistencies within

16   Dr. Pollack's reports. Tr. 17-18.  Although Dr. Pollack ultimately found Plaintiff

17   cognitively impaired, he also noted the following: (1) Plaintiff's understanding and

18   memory are only marginally impaired; (2) Plaintiff's intelligence is in the low

19   average range; and (3) Plaintiff has no impairment in his ability to remember work

20   locations or procedures and understand short and simple instructions.  Tr. 17, 440.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1   Because the ALJ need not accept a medical opinion that is "inadequately supported

2   by clinical findings," *Bray*, 554 F.3d at 1228, the ALJ provided a clear and

3   convincing reason for rejecting Dr. Pollack's opinion.

4       Second, the ALJ noted that Dr. Pollack's report was "largely based" on the

5   Plaintiff's subjective statements.  Tr. 17.  As explained above, the ALJ determined

6   Plaintiff's self-reporting was not credible.  Specific to this examination, the ALJ

7   noted several reasons to discount the reliability of the examination based on

8   Plaintiff's subjective statements.  For one, the ALJ noted Plaintiff's moderately

9   elevated F-scale score, which can indicate the taker is contradicting himself or

10  trying to present himself in a different light.  Tr. 17, 437.  Further, Plaintiff initially

11  failed to report any mental impairments on his disability report and failed to

12  mention at the administrative review hearing any of the mental problems identified

13  by Dr. Pollack.  Tr. 17-18.  Because the ALJ need not accept a medical opinion

14  based on a claimant's non-credible self-reporting, *Tomasetti,* 533 F.3d at 1041, the

15  ALJ properly rejected this diagnosis.

16      Third, the ALJ noted that Dr. Pollack's report was conclusory, offering little

17  explanation of how Dr. Pollack reached his conclusions.  Tr. 18.  As an example,

18  the ALJ points to Dr. Pollack's lack of explanation for his diagnosis of personality

19  disorder.  Tr. 18, 439.  Because the ALJ need not accept a medical opinion that is

20  "brief, conclusory, and inadequately supported by clinical findings," *Bray*, 554

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    F.3d at 1228, the ALJ provided another clear and convincing reason for rejecting

2    Dr. Pollack's opinion.

3           Finally, the ALJ questioned the reliability of Dr. Pollack's report because

4    Plaintiff's attorney referred him to Dr. Pollack.  Tr. 18.  While the ALJ noted that

5    this reason alone was insufficient to invalidate a report, he highlighted that

6    "claimant underwent the examination to generate evidence for this case, rather than

7    for treatment of the alleged symptoms."  Tr. 18.  As the Ninth Circuit has clarified,

8    "*in the absence of other evidence* to undermine the credibility of a medical report,

9    the purpose for which the report was obtained does not provide a legitimate basis

10   for rejecting it."  *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) (emphasis

11   added).  Here, because the ALJ noted this reason for undermining the credibility of

12   Dr. Pollack's report was bolstered by the reasons identified above, this Court does

13   not find error.

14          Accordingly, the ALJ did not err in rejecting Dr. Pollack's opinion.

15   **2.  Dr. Lahtinen**

16          Plaintiff next contends the ALJ improperly rejected the opinion of Dr.

17   Duncan Lahtinen, Plaintiff's treating physician.  ECF No. 17 at 18-20.

18   Specifically, Plaintiff points to Dr. Lahtinen's June 2009 evaluation in which he

19   opined Plaintiff would be limited to sedentary work activities due to his medical

20   problems.  *Id.* at 18, Tr. 327-30.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

This Court finds that the ALJ properly weighed and rejected the medical opinion of Dr. Lahtinen.  Because Dr. Lahtinen's opinion was contradicted, *see* Tr. 15-18 (noting other medical evidence, including Dr. Lahtinen's own observations, which suggested Plaintiff *increase* activity, rather than limit his activity to sedentary activity), the ALJ need only have given specific and legitimate reasoning supported by substantial evidence to reject it.  *Bayliss*, 427 F.3d at 1216.

The ALJ provided specific and legitimate reasoning supported by substantial evidence for assigning only "little weight" to Dr. Lahtinen's opinion.  In rejecting Dr. Lahtinen's opinion, the ALJ noted Dr. Lahtinen's assessment was inconsistent with the objective medical evidence, including Dr. Lahtinen's own reports.  Tr. 17.

> Dr. Lahtinen estimates that the claimant's cardiac and pulmonary problems cause "marked" interference with his ability to walk, lift and carry. However, the undersigned rejects Dr. Lahtinen's assessment as inconsistent with the objective evidence, detailed above, including Dr. Lahtinen's own observations and reports. As discussed, Dr. Lahtinen found that the claimant had a "good" response to the stent placement. He also noted during a September 2009 appointment that the claimant's lungs were clear. Significantly, during one visit, Dr. Lahtinen advised the claimant to increase his activity. Furthermore, Dr. Lahtinen's opinion is limited in duration. He estimates that the claimant's work limitations will continue for six months if the claimant does not undergo therapy and rehabilitation for his alcoholism. However, the record indicates that the claimant is getting treatment for his alcoholism. Because Dr. Lahtinen's assessment contradicts the objective medical evidence in the record, including his own observations, the undersigned has given little weight to his opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    Tr. 17.  Because inconsistencies between a doctor's opinion and his other reports,

2    as well as other objective evidence, provide specific and legitimate reasoning for

3    rejecting even a treating doctor's opinion, *see Bayliss*, 427 F.3d at 1216 (finding a

4    discrepancy between a doctor's opinion and his other recorded observations and

5    opinions provided a clear and convincing reason for not relying on that doctor's

6    opinion), the ALJ properly rejected Dr. Lahtinen's opinion.

7    **C. Severe Mental Impairment at Step Two**

8         Plaintiff bears the burden to establish the existence of a severe impairment

9    or combination of impairments, which prevent him from performing substantial

10   gainful activity, and that the impairment or combination of impairments lasted for

11   at least twelve continuous months.  20 C.F.R. §§ 404.1505, 404.1512; 416.905,

12   416.912; *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001).  An

13   impairment, to be considered severe, must significantly limit an individual's ability

14   to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c); *Smolen v.*

15   *Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  An impairment that is "not severe"

16   must be a slight abnormality (or a combination of slight abnormalities) that has no

17   more than a minimal effect on the ability to do basic work activities.  SSR 96-3P,

18   1996 WL 374181.  Basic work activities include "abilities and aptitudes necessary

19   to do most jobs, including, for example, walking, standing, sitting, lifting, pushing,

20   pulling, reaching, carrying or handling."  20 C.F.R. § 404.1521(b).

1    A physical or mental impairment is one that "results from anatomical,

2    physiological, or psychological abnormalities which are demonstrable by

3    medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§

4    423(d)(3), 1382c(a)(3)(D).  An impairment must be established by medical

5    evidence consisting of signs, symptoms, and laboratory findings, and "under no

6    circumstances may the existence of an impairment be established on the basis of

7    symptoms alone."  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing

8    SSR 96-4p, 1996 WL 374187 (July 2, 1996)) (defining "symptoms" as an

9    "individuals own perception or description of the impact of" the impairment).

10    Plaintiff contends the ALJ erred in his step two analysis when he concluded

11    Plaintiff did not have severe mental impairments.  ECF No. 17 at 12-18.  In

12    support, Plaintiff points to Dr. Pollack's September 2010 evaluation. *Id.* 13-14.

13    This Court finds the ALJ's severe impairment analysis at step two was not

14    flawed.  Dr. Pollack was the only doctor to perform a psychological evaluation and

15    opine that Plaintiff suffered from severe mental impairments.[1]  Tr. 441.  As noted

16    [1] Plaintiff cites to a letter from Dr. Lahtinen, addressed to Plaintiff's counsel, in an

17    effort to demonstrate that Dr. Pollack was not the only doctor to provide an opinion

18    regarding the severity of his mental limitations. ECF No. 21 at 6.  In his letter, Dr.

19    Lahtinen briefly states the following: "I have reviewed and agree with Dr.

20    Pollack's recommendations regarding [Plaintiff's] physiological issues."  Tr. 477.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

above, the ALJ properly rejected Dr. Pollack's opinion, in part because it was largely based on Plaintiff's subjective reporting. To constitute a severe impairment, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques," not Plaintiff's subjective self-reporting. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D); *Ukolov*, 420 F.3d at 1005. Plaintiff has failed to meet his burden to establish that his mental impairments are "severe." Therefore, no error has been shown.

**D. Challenge to ALJ's RFC Finding**

Plaintiff's final contention is that the ALJ's RFC is legally deficient because the ALJ failed to incorporate the full extent of Plaintiff's physical limitations. ECF No. 17 at 18-20. This argument is derivative of Plaintiff's argument concerning the ALJ's rejection of Dr. Lahtinen's medical opinion. Given that the ALJ properly rejected this evidence, no error has been shown. Further, the ALJ properly considered Plaintiff's symptoms, limitations, and the objective and opinion evidence in her RFC assessment and his conclusion is supported by substantial evidence. *See* Tr. 15-18, 239, 245, 269, 271, 274, 316, 328, 331-35, 362-64, 35. Therefore, no error has been shown.

//

//

**Accordingly, IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED.**

    2.  Defendant's Motion for Summary Judgment (ECF No. 19) is

       **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** this file.

    **DATED** October 8, 2014.



                    THOMAS O. RICE
               United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21